OPINION OF THE COURT
Per Curiam.
John E. Durst, Jr. (hereinafter the resignor), has proffered an affidavit of resignation wherein he acknowledges that he is the *116 subject of an investigation into his professional conduct which has adduced evidence that would necessarily result in disciplinary charges, as follows:
Cirro Rodriguez retained the resignor to handle a claim for workers’ compensation benefits arising out of a workplace accident. In or about June 2005, the matter was settled. A portion of the settlement proceeds in the sum of $500,000 came into the resignor’s possession as attorney for Mr. Rodriguez. This money should have been used to purchase an annuity in favor of Mr. Rodriguez. The annuity contract was to have provided payments that would have been remitted to Mr. Rodriguez in monthly installments pursuant to the terms of the annuity contract. However, the resignor misappropriated the funds by applying them to a use other than that for which they were intended. Although the resignor made monthly payments to Mr. Rodriguez from June 2005 through late 2008, he thereafter made scattered payments until late 2012. The resignor has not remitted any funds to Mr. Rodriguez since that time. Mr. Rodriguez retained new counsel, who requested a full and accurate accounting of all settlement funds handled by the resignor’s office on behalf of Mr. Rodriguez. The resignor did not provide the requested accounting. Mr. Rodriguez, through his new attorney, filed a complaint against the resignor with the Grievance Committee for the Tenth Judicial District. The resignor received three letters from the Grievance Committee, dated April 7, 2013, June 10, 2013, and July 11, 2013, requesting his written answer, and advising him that failure to answer or otherwise cooperate constitutes professional misconduct independent of the merits of the complaint. The resignor failed to answer or otherwise cooperate. On September 9, 2013, the resignor was served with a subpoena and a subpoena duces tecum, returnable September 26, 2013, directing his appearance at an examination under oath, as well as production of the Rodriguez file and the resignor’s bank and bookkeeping records for his attorney trust, special, or escrow account. The resignor failed to comply. On October 10, 2013, the resignor was served with a second subpoena and subpoena duces tecum, returnable October 28, 2013, once again directing his appearance at an examination under oath, as well as production of the Rodriguez file and the resignor’s bank and bookkeeping records for his attorney trust, special, or escrow account. The resignor did not comply with either subpoena.
Based upon the foregoing, the resignor has been advised that he would be charged, inter alia, with misappropriating client *117 funds, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a); failing to render appropriate accounts to a client, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (c) (3); failing to promptly pay or deliver to a client or third person funds in his possession the client or third person was entitled to receive, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (c) (4); failing to make available to the Grievance Committee required financial records pertaining to his attorney trust, special, or escrow account, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (i) and (j); conduct prejudicial to the administration of justice by failing to promptly and/or completely cooperate with the Grievance Committee’s investigation, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d); and conduct that reflects adversely on his fitness to practice law, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). The resignor acknowledges that he would not be able to successfully defend himself on the merits against such charges.
The resignor further acknowledges that his resignation is freely and voluntarily rendered, and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with persons whose advice and counsel he respects, and is fully aware of the implications of the same, including the fact that he is barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department from seeking reinstatement as an attorney for a minimum period of seven years.
Finally, the resignor acknowledges that his resignation is submitted subject to any application that could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers’ Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded to him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.
The Grievance Committee recommends that the Court accept the resignor’s resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.
Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective *118 immediately, the resignor is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
Eng, P.J., Mastro, Rivera, Skelos and Dickerson, JJ., concur.
Ordered that the resignation of John E. Durst, Jr., is accepted and directed to be filed; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, John E. Durst, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that John E. Durst, Jr., shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, John E. Durst, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if John E. Durst, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).